ROBERT M. AND SHARON D. BURLESON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burleson v. Commissioner
Docket No. 22039-91
United States Tax Court
T.C. Memo 1993-625; 1993 Tax Ct. Memo LEXIS 638; 66 T.C.M. (CCH) 1791; December 27, 1993, Filed *638 Decision will be entered under Rule 155. Robert M. Burleson, pro se. For respondent: Michael Lloyd. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for their taxable year 1988 in the amount of $ 4,556. After concessions by the parties, the issues for decision are: (1) Whether petitioners are entitled to a claimed deduction for transportation expenses petitioner Robert M. Burleson incurred while traveling between his personal residence and various locations in the Black Hills National Forest; and (2) whether petitioners are entitled to various unspecified deductions pursuant to section 280A for use of a home office. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Hill City, South *639 Dakota, at the time their petition was filed. During the year in issue petitioner Robert M. Burleson (Mr. Burleson) worked at temporary work sites as a professional "faller" or "cutter" (an individual whose occupation is to cut down trees) in and around the Black Hills National Forest (Black Hills). Mr. Burleson was a cutter during the year in issue, which means that he worked for contractors who owned the right to remove timber from certain parcels of land, colloquially referred to in the timber industry as "sales". During the year in issue Mr. Burleson worked as a cutter on various different sales for multiple contractors. Within each different sale, Mr. Burleson cut trees in many different locations. Mr. Burleson was paid by the contractors based on the tonnage of trees he cleared from the Black Hills. The distance from Mr. Burleson's home to the various cutting sites he worked at within the Black Hills during the year in issue ranged from 35 to 66 miles each way. In rendering his services, Mr. Burleson furnished his own truck, fuel, and trade tools (which included, among other things, several chain saws). Mr. Burleson carried his trade tools with him in his truck when *640 he went to his cutting sites, but he maintained a workshop adjacent to his home where he stored, maintained, and repaired his equipment. Mr. Burleson spent approximately 5 hours per week in his workshop, and his workshop premises were absolutely essential to his business. Mr. Burleson could not have maintained or repaired his cutting equipment without the use of his workshop. Mr. Burleson has been a professional cutter since 1973, and has a fine reputation in his field. During the year in issue he received work from contractors who called him at home, or from contractors he phoned from his home after seeing notices posted at a saw shop, or through word of mouth contacts. On the Schedule C attached to their Federal income tax return filed for the year in issue, petitioners claimed a deduction for transportation expenses incurred by Mr. Burleson in his trade or business as a cutter between petitioners' personal residence and the various cutting sites Mr. Burleson worked at in the Black Hills during the year in issue. Respondent argues that such travel constituted nondeductible commuting expenses, and that petitioners are not entitled to their claimed deduction. Petitioners contend *641 they are entitled to deduct the reported transportation expenses because they constituted ordinary and necessary business expenses incurred by Mr. Burleson in carrying on his trade or business as a cutter. Deductions are a matter of legislative grace and petitioners bear the burden of proving their entitlement to their claimed deduction in issue. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). We have recently examined the precise issue herein on facts essentially indistinguishable from this case. Walker v. Commissioner, 101 T.C.    (Dec. 13, 1993). In Walker the taxpayer also was a cutter who worked in the Black Hills and traveled back and forth on a daily basis from his personal residence to various locations in the Black Hills to cut timber; also required use of a truck and carried with him in his truck the tools of his trade; also maintained a workshop adjacent to his home where he stored, maintained, and repaired his working equipment; and also obtained cutting assignments using his home as his base of operation. Based on the record in Walker we concluded that the taxpayer's workshop and surrounding premises (i.e., *642 his personal residence) comprised a regular place of business, and allowed the taxpayer to deduct the transportation expenses he incurred for traveling between his personal residence and temporary cutting sites in the Black Hills. We reached this conclusion on the basis of Rev. Rul. 90-23, 1990-1 C.B. 29, which allows a deduction for transportation expenses incurred for travel between a taxpayer's residence, which is a regular place of business, and temporary work places within a metropolitan area. We treated respondent's position in the ruling as a concession that such expenses are deductible if a taxpayer can establish that he meets the factual requirements of the ruling. After due consideration we find that there are no essential facts in the instant case distinguishable from those presented in Walker, and no legal arguments presented by respondent in the instant case which were not addressed and rejected in Walker. On the basis of our reasoning in Walker v. Commissioner, supra, we conclude that during the year in issue, Mr. Burleson's workshop and surrounding premises (i.e., his personal residence), was a regular place *643 of business and hold that petitioners are entitled to deduct the full amount of their claimed expenses for Mr. Burleson's business travel between petitioners' personal residence and the various sites Mr. Burleson cut timber at during the year in issue. In contrast, after examining petitioners' claims raised in their petition that they are entitled to unspecified amounts for depreciation, utilities, and telephone related to Mr. Burleson's use of a home office during the year in issue, we hold that no such "additional" deductions are warranted in any amount. There is insufficient evidence in the record to satisfy either the statutory requirements of section 280A to merit deductions for a home office, or the general and overriding requirement that any claimed deductions must be substantiated in amount by sufficient evidence. To reflect the parties' concessions, Decision will be entered under Rule 155.